FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JAN 1 4 2010

JAMES N. HATTEN, Clerk
By: /s/ S. Sewell  Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UPPER CHATTAHOOCHEE RIVERKEEPER FUND, INC., THE CHATTAHOOCHEE RIVERKEEPER, INC., THE UNITED STATES OF AMERICA, and THE STATE OF GEORGIA, <br><br> Plaintiffs, <br> v. <br><br> THE CITY OF ATLANTA, <br><br> Defendant. | CIVIL ACTION FILE NOS. <br> 1:95-CV-2550-TWT <br> and <br> 1:98-CV-1956-TWT <br><br> CONSOLIDATED |

## ORDER

Upon the Motion and Supporting Brief filed by Defendant City of Atlanta, and other matters and arguments presented to the Court by all the parties, and good cause having been shown, the Court finds the following:

1. The current Service Delivery Strategy for Fulton County (October 2005 Service Delivery Strategy), developed pursuant to the Georgia Service Delivery Act, O.C.G.A. §36-70-20 et seq., identifies the water and sewer service areas of Fulton County and the then existing cities within Fulton County, including the City of Atlanta and, among others, the cities of College Park, Union City, Fairburn, and Palmetto.

2. The Georgia Department of Community Affairs has required the October 2005 Service Delivery Strategy be reviewed, and revised if necessary, in light of the creation of new cities within Fulton County, including Sandy Springs, imposing an October 31, 2009 deadline to update the Service Delivery Strategy.

3. Disputes relating to water and sewer service have arisen among Fulton County and the cities of Atlanta, College Park, Fairburn, Palmetto, Sandy Springs and Union City.

4. The deadline imposed by the Georgia Department of Community Affairs to revise the Service Delivery Strategy and these disputes have created considerable uncertainty about how the City of Atlanta is able to finance improvements to the sewer system that are necessary to comply with the Consent Decrees entered in these consolidated actions.

5. In connection with the capital improvement projects the City has undertaken to comply with the Consent Decrees and to improve its sewer and water supply system, the City has incurred bond indebtedness of $3.2 billion to date, and will need to finance additional improvements to comply with the Consent Decrees in the future.

6. The process contained within the Service Delivery Strategy is a[n act] substantial and immediate threat to the City of Atlanta's ability to comply with the Consent Decrees.

7. This Court has authority to join the Third-Party Defendants pursuant to Rules 19 and 21 of the Federal Rules of Civil Procedure to avoid the uncertainty, and substantial and immediate threats to the City of Atlanta's Consent Decree compliance.

8. Fulton County previously intervened in this action with regard to the CSO Consent Decree (CSOCD), Civil Action No. 1:95-CV-2550-TWT, but is not presently a party in the First Amended Consent Decree (FACD), Civil Action No. 1:98-CV-1956-TWT.

9. The Court has authority over Fulton County through its intervention in the CSOCD and may also join Fulton County as a Third-Party Defendant with regard to the FACD pursuant to Rules 19 and 21 of the Federal Rules of Civil Procedure.

10. This Court also has authority to take actions to prevent interference with the City of Atlanta's continued ability to comply with the Consent Decrees pursuant to the Court's continuing authority under Section XIII.A. of both the CSOCD and the FACD, as well as the Clean Water Act, and the Court's

powers under the All Writs Act and its Supplemental Jurisdiction under 28 U.S.C. § 1367.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant City of Atlanta's motion for joinder of parties is granted.

2. The Defendant, City of Atlanta be permitted to file a Third-Party Complaint against the cities of Sandy Springs, College Park, Union City, Fairburn, Palmetto, and the South Fulton Municipal Regional Water and Sewer Authority.

3. The Plaintiff, State of Georgia and Intervenor/Third-Party Defendant Fulton County be enjoined from applying the Georgia Service Delivery Act procedures under O.C.G.A. § 36-70-20 *et seq.* to the City of Atlanta and the Third-Party Defendants with respect to the provision of water and sewer services.

4. Consistent with the authorization contained in O.C.G.A. § 36-70-25.1(e), the imposition of sanctions under O.C.G.A. § 36-70-27 be held in abeyance and that the State of Georgia notify the Georgia Department of Community Affairs that such sanctions are abated during the pendency of this action.

5. The October 2005 Service Delivery Strategy with respect to the provision of water and sewer services as applicable to the City of Atlanta, Fulton County

and the Third-Party Defendants shall remain in effect during the pendency of this action.

6. Fulton County be enjoined from proceeding further with Case No. 2009CV17723 filed in Fulton County Superior Court with regard to any matter related to the water and sewer service portions of the October 2005 Service Delivery Strategy as applicable to the City of Atlanta and the Third-Party Defendants.

7. The City of Atlanta, Fulton County, and the Third-Party Defendants conduct any and all negotiations, mediation and other dispute resolution efforts, including those dispute resolution procedures referenced under O.C.G.A. § 36-70-25.1, and if those dispute resolution efforts are unsuccessful, any litigation required to determine the Service Delivery Strategy for Fulton County, as it relates to the water and sewer service portions of the Service Delivery Strategy, under the exclusive supervision of this Court.

8. Justice Norman Fletcher be appointed to serve as the mediator for the Service Delivery Act mediation as related to the sewer and water issues, which shall occur exclusively under this Court's supervision.

SO ORDERED, this _14_ day of ~~December 2009~~ January, 2010.


_Thomas W. Thrash_
Thomas W. Thrash, Jr.
United States District Judge

US2008 982621 7