## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **UPPER CHATTAHOOCHEE RIVERKEEPER FUND, INC., THE CHATTAHOOCHEE RIVERKEEPER, INC., THE UNITED STATES OF AMERICA, and THE STATE OF GEORGIA** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | **CIVIL ACTION FILE NO.** **1:95-CV-2550-TWT** |
| **vs.** | ) ) | **1:98-CV-1956-TWT** |
| **THE CITY OF ATLANTA,** | ) ) | |
| **Defendant/Third Party Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **THE CITY OF SANDY SPRINGS, CITY OF UNION CITY, CITY OF FAIRBURN, CITY OF PALMETTO, CITY OF COLLEGE PARK, SOUTH FULTON MUNICIPAL REGIONAL WATER AND SEWER AUTHORITY, AND FULTON COUNTY,** | ) ) ) ) ) ) ) | |
| **Third Party Defendants.** | ) | |

## ANSWER AND DEFENSES OF FULTON COUNTY, GEORGIA TO CITY OF ATLANTA'S AMENDED THIRD PARTY COMPLAINT

Comes Now, Defendant Fulton County, Georgia ("Fulton County"), herein and answers the Plaintiff City of Atlanta's Amended Third Party Complaint as follows:

## FIRST DEFENSE

Plaintiff's claims against Fulton County are barred, in whole or in part, by their failure to state a claim against Fulton County upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Fulton County are barred, in whole or in part, by the doctrine of sovereign immunity.

## THIRD DEFENSE

Without waiving the foregoing affirmative defenses, Fulton County responds to Plaintiff City of Atlanta's Amended Third Party Complaint as follows:

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

8

Admitted.

9.

Admitted as to civil action number 95-CV-2550-TWT, but Fulton County was ordered joined in civil action number 98-CV-1956-TWT and the court's

subject matter jurisdiction is currently under appeal with the Eleventh Circuit Court of Appeals; therefore, Fulton County is without sufficient knowledge or information to admit or deny this averment as to subject matter jurisdiction.

10.

Admitted, subject to the court having proper subject matter jurisdiction.

11.

Admitted, based upon information and belief.

12.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

13.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

14.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

15.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

16.

Admitted, and also the Service Delivery Act speaks for itself.

17.

Admitted.

18.

Admitted that the City of Atlanta is designated as a water provider under the 2005 Agreement and provides water services outside its municipal limits, but Fulton County is without sufficient knowledge or information to admit or deny the City's retail or wholesale customers.

19.

Admitted.

20.

Admitted, as it relates to annexation, but Fulton County is without sufficient knowledge or information to admit or deny the City's future growth and service areas.

21.

Admitted, that Fulton County is aware of a dispute between the City of Atlanta and other Third-Party Defendants.

22.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

23.

Admitted, that Fulton County is aware of a dispute between the City of Atlanta and other Third-Party Defendants.

24.

Admitted.

25.

Admitted.

26.

Admitted.

27.

Admitted.

28.

Admitted, Fulton County is aware of the City of Atlanta's contentions, but is without sufficient knowledge or information to admit or deny the purported financial impact to the City.

29.

Admitted.

30.

Admitted.

31.

Admitted that Third Party Plaintiff City of Atlanta objected to the proposed SDS Amendments and presented evidence on November 13, 2009. However, Fulton County is without sufficient knowledge or information to truthfully admit or deny the City's argument regarding the anticipated financial impact or its ability to comply with the consent decrees.

32.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

33.

Admitted, that court granted City's motion to join Third-Party Defendants and enjoin the state court proceedings filed by the Third-Party Defendants.

34.

Admitted, that court granted City's motion to join Third-Party Defendants, but Fulton County is without sufficient knowledge or information to admit or deny the remainder of this averment.

35.

Admitted.

36.

Admitted.

37.

Admitted.

38.

Admitted.

39.

Admitted, that court granted City's motion to enjoin Third-Party Defendants, but Fulton County is without sufficient knowledge or information to admit or deny the remainder of this averment.

40.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

41.

Fulton County reasserts and incorporates any necessary facts and/or defenses previously stated in paragraphs 1 through 40.

42.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

43.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

44.

Fulton County is without sufficient knowledge or information to admit or deny this averment.

45.

Fulton County reasserts and incorporates any necessary facts and/or defenses previously stated in paragraphs 1 through 44.

46.

Denied, as to Fulton County.

47.

Denied, as to Fulton County.

48.

Denied, as to Fulton County.

49.

Denied, as to Fulton County.

50.

Denied, as to Fulton County.

PRAYERS FOR RELIEF

All paragraphs and sub-paragraphs of the City of Atlanta's Amended Third Party Complaint, to which a specific answer, response or defense has not been made, are hereby denied.

WHEREFORE, Fulton County having set forth its answer and defenses, prays as follows:

(1)    That the City of Atlanta's Third Party Complaint be dismissed with prejudice;

(2)    That Fulton County be awarded all costs, including reasonable attorney's fees, in its defense against the City's Third Party Complaint;

(3)    That Fulton County is awarded such other relief as this Court may deem just and proper.

Respectfully submitted this 5th day of April, 2010.

**R. David Ware**
**County Attorney**
**Georgia Bar No. 737756**

(Signatures appear on the following page)

/s/ Vincent D. Hyman
Vincent D. Hyman
Georgia Bar No. 381163
Marvin J. Harkins
Georgia Bar No. 326365

**Office of the Fulton County Attorney**
**141 Pryor Street Suite 4038**
**Atlanta, Georgia  30303**
**(404) 612-0246**
**(404) 730-6324 Fax**

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 7.1 (D)

In accordance with Local Rule 7.1(D), this certifies that this Answer complies with Local Rule 5.1(B) and is printed in New Times Roman, 14 point and also this is to certify that I have this 5th day of April, 2010, served counsel in the foregoing matter with a copy of the within and foregoing **ANSWER AND DEFENSES OF THIRD PARTY DEFENDANT FULTON COUNTY TO THE CITY OF ATLANTA'S AMENDED THIRD PARTY COMPLAINT** by depositing a copy of same into the United States Mail with proper postage thereon affixed to the address as follows:

Marc P. Goncher, Sr. Asst City Attorney
City of Atlanta Law Department
68 Mitchell Street, Suite 4100
Atlanta, Georgia 30335

Roger Ghandari, Acting City Attorney
City of Atlanta Law Department
68 Mitchell Street, Suite 4100
Atlanta, Georgia  30335

Susan Richardson, Esquire
Kilpatrick Stockton LLP
1100 Peachtree St. Suite 2800
Atlanta, Georgia 30309

Richard A. Horder, Esq.
Kazmarek, Geiger & Laseter LLP
3490 Piedmont Road, N.E., Ste. 201
Atlanta, Georgia 30305

Juliet Cohen, Esq.
Upper Chattahoochee Riverkeeper
3 Puritan Mill
916 Joseph Lowery Blvd.
Atlanta, Georgia 30318

John E. Hennelly, Esq.
Senior Asst. Attorney General
State of Georgia, Suite 4038
40 Capital Square, S.W.
Atlanta, Georgia 30334]

William A. Weinischke, Esq.
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources
U.S. Dept of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

William Bush, Esq.
Associate Regional Counsel
U.S. Environmental Protection Agy
61 Forsyth Street S.W.
Atlanta, Georgia 30303

Frank Strickland, Esq.
Anne Ware Lewis, Esq
Strickland, Brockington, Lewis LLP
1170 Peachtree St. N.E. Ste. 2200
Atlanta, Georgia 30309
Attorney for City of Sandy Springs

Steven M. Fincher, Est.
Fincher, Denmark & Williams LLC
2262 Mt. Zion Road
Jonesboro, Ga. 30236
Attorney for College Park

Denis Alan Davenport, Esq.
McNally, Fox, Grant & Davenport P.C.
100 Habersham Drive
Fayetteville, Ga. 30214
Attorney for City of Union City,
City of Palmetto, S. Fulton Municipal
Regional Water and Sewer Authority

C. Bradford Sears Jr., Esq.
Sanders, Haugen & Sears, P.C.
11 Perry Street, P.O. Box 1177
Newnan, Georgia 30264
Attorney for City of Fairburn

/s/ Vincent D. Hyman
Vincent D. Hyman
Georgia Bar No. 381163

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia  30303
(404) 612-0246
(404) 730-6324 (facsimile)

P:\CALitigation\PubWks\Upper Chattahoochee etc. v. City of Atlanta (VDH)\Pleadings\04.05.10 Answer to Amended Third Party Complaint.doc